IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kelly Carter,

    Petitioner,

v.                                         Case No. 2:10–cv–199

Warden, Ross Correctional               Judge Michael H. Watson
Institution,                                   Magistrate Judge Abel

    Respondent.

## OPINION AND ORDER

On November 7, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's objections, ECF No. 28, are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of all of his claims on the merits. He contends that the Magistrate Judge wrongly concluded he raised no grounds warranting federal habeas corpus relief. Petitioner again raises all of the arguments he previously presented. He argues that the state appellate court wrongly concluded no agreement existed between the State and prosecution witness Carl Williams in view of the evidence before the state courts. Petitioner argues that the prosecution purposely concealed its letter to the United States District Court on Williams' behalf at his federal sentencing hearing, releasing such information only after believing the time period

had expired for post conviction proceedings. Additionally, Petitioner contends that the Magistrate Judge erred by not considering the transcript of post conviction proceedings in support of his claim that he was convicted in violation of the Confrontation Clause. He complains of what appears to be a typographical error in the Magistrate Judge's recommendation of dismissal of his allegation of prosecutorial misconduct. He again argues that the state courts provided him "no meaningful review" of his claim of ineffective assistance of trial counsel based on his attorney's failure to make and preserve the record. Finally, Petitioner argues he was denied a fair trial due to impartiality of the jury.

Upon review of the entire record, this Court is not persuaded by Petitioner's arguments. Petitioner's contention that the State purposely concealed and belatedly revealed its letter to federal authorities on Williams' behalf is without record support. In any event, the issue presented by Petitioner in habeas corpus claim one is whether Williams had an agreement with the State in exchange for his trial testimony against Petitioner, not whether he had an agreement with federal authorities. Moreover, Petitioner failed to raise, in state post conviction proceedings, any claim regarding the alleged violation of the Confrontation Clause. This Court thus cannot now consider evidence not presented to or considered by the state courts in its decision rejecting the same claim. *Cullen v. Pinholster*, – U.S. –, 131 S.Ct. 1388, 1398 (2011).

This Court likewise is not persuaded by Petitioner's argument that he was denied meaningful review of his claim of ineffective assistance of trial counsel based on his attorney's failure to make or preserve the record. The state appellate court rejected this
Case No. 2:10–cv–199    Page 2 of 5

claim on its merits,[1] concluding the jury had before it sufficient evidence regarding Williams' unsavory character and the fact that he had made a "deal with the 'Feds,'" State v. Carter, No. 07-JE-32, 07-JE-33, 2008 WL 5228925, at *7 (Ohio App. 7th Dist. Dec. 15, 2008) such that Petitioner had failed to establish prejudice under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). This Court's deferential review in these proceedings "demands that state-court decisions be given the benefit of the doubt," Davis v. Lafler, 658 F.3d 525, 530 (6th Cir. 2011) (quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002). Petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement" in order to obtain habeas corpus relief. Harrington v. Richter, – U.S. –, 131 S.Ct. 770, 784 (2011). The Court is not persuaded that Petitioner has met this standard here.

Petitioner also complains of what appears to be a typographical error concerning

---

[1] The state appellate court rejected Petitioner's claim of ineffective assistance of trial counsel in relevant part as follows:

> Appellants argue that their attorney should have proffered Williams' pending state warrant and indictment and his federal plea agreement. Appellants argue that their counsel's failure to proffer these items denied them from successfully arguing to this court in their direct appeals that the trial court's ruling on these matters was in error.
>
> In ruling on this issue, the trial court found, "[e]vidence that* * * [Williams] had made a plea agreement in Federal Court was before the jury and was available for consideration by them. Evidence of the witnesses [sic.] numerous aliases, social security numbers and dates of birth were also before the jury." The trial transcript supports the court's findings. Williams testified that he was in prison for fraud, conspiracy, and drugs. (Trial Tr. 932). Additionally, appellants' counsel cross-examined Williams regarding his numerous aliases, social security numbers, and dates of birth. (Trial Tr. 934, 935). And Williams testified that he had to come clean about everything he knew as part of his deal with the "Feds." (Trial Tr. 970).
>
> Additionally, appellants' counsel could not have cross-examined Williams regarding his pending state drug charges because Williams had not been convicted of those charges and had not entered into a deal with the state regarding those charges.

State v. Carter, 2008 WL 5228925, at *6–7.

Petitioner's prosecutorial misconduct claim. On pages 53–59 of the *Report and Recommendation*, the Magistrate Judge conducts a detailed analysis of Petitioner's claim of prosecutorial misconduct. *Report and Recommendation,* 53–59. This Court will not do so again here. For the reasons discussed in the *Report and Recommendation*, this Court agrees, Petitioner has failed to establish federal habeas corpus relief is warranted on his claim of prosecutorial misconduct.

As to Petitioner's assertion in habeas corpus claim five, that he was denied a fair trial due to juror bias or because the jury improperly considered outside information during deliberations, this claim likewise fails to warrant relief. The standard for reviewing this type of claim when it is made in a habeas corpus petition is set forth in *Zuern v. Tate*, 336 F.3d 478 (6th Cir. 2003). There, the United States Court of Appeals for the Sixth Circuit identified a number of considerations which are relevant, including whether the trial court held a hearing and whether the defendant is able to prove actual bias. The Sixth Circuit made it clear that bias is not presumed under these circumstances. It is undisputed that the trial court held a hearing here, and questioned the juror, eventually obtaining an assurance from the juror that he could put his safety concerns (which related to the possibility that the jury would return a guilty verdict) out of his mind and decide the case based on the evidence. Thus, the only question before this Court is whether the state court of appeals unreasonably determined that petitioner had not shown actual bias.

First, the trial court was permitted to accept the juror's statements that he could be fair and impartial if those statements were found credible, which, in this case, they apparently were. *See, e.g., United States v. Pennell,* 737 F.2d 521, 533 (6th Cir. 1984).

There is also a presumption that jurors follow instructions from the trial court, such as the instruction to decide the case impartially based on the evidence. *See, e.g. United States v. Rodgers,* 85 F. App'x 483, 486 (6th Cir. January 6, 2004). A trial judge's finding, after due inquiry, that there is no actual bias—which is "a state of mind prejudicial to a party's interest," *see United States v. Haynes*, 398 F.2d 980, 984 (2d Cir. 1968)—is also a factual finding to which the federal courts, in the context of habeas corpus, must ordinarily defer. *See, e.g., Mason v. Mitchell*, 320 F.3d 604, 636 (6th Cir. 2003). Given all of this, the state court's determination that petitioner failed to establish actual bias against him based on the juror's expressed concern for his safety should a guilty verdict be returned is not an unreasonable application of federal law. Because "'neither the reasoning nor the result' of the decision of [the state appellate court] was contrary to federal precedent," *see Strickland v. Pitcher*, 162 Fed.Appx. 511, 519 (6th Cir. Jan. 10, 2006) (quoting *Dennis v. Mitchell*, 354 F.3d 511, 517–18 (6th Cir. 2003)), this Court cannot grant habeas corpus relief on the basis of claim five.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the forgoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections, ECF No. 28, are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

IT IS SO ORDERED.

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT